UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 02 2014
JUL - 2 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **14 CR 379** |
| v. ) | |
| RASHEEDA OGHAFUA ) | Violations: Title 18, United States Code, Sections 1014 and 1344 |

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE KIM

**COUNT ONE**

The SPECIAL MARCH 2013 GRAND JURY charges:

1. At times material to this indictment:

    A. Defendant RASHEEDA OGHAFUA was an owner and operator of My Ranch, a grocery store located at 4650-4652 North Sheridan Road in Chicago, Illinois.

    B. OGHAFUA held out Individual A as OGHAFUA's spouse.

    C. Fifth Third Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation. Fifth Third Bank made loans to finance the purchase of commercial properties and equipment. Fifth Third Bank required loan applicants to provide truthful information, including information about the applicants' indebtedness, industry experience, criminal history, and reported taxes.

2. Beginning no later than 2007, and continuing at least until September 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

RASHEEDA OGHAFUA,

defendant herein, together with others known and unknown to the Grand Jury, participated in a scheme to defraud and to obtain money owned by, and under the custody and control of, a financial institution by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, as further described below.

3. It was part of the scheme that, in or around 2007, OGHAFUA and Individual A asked Individual B to co-sign a loan and provide down-payment money for the purchase of the My Ranch store.

4. It was further part of the scheme that, in or around January 2008, OGHAFUA fraudulently attempted to obtain approximately $1,287,000 in loan proceeds from Fifth Third Bank for the purchase of the building that housed the My Ranch store, located at 4650-4652 North Sheridan Road in Chicago, by causing to be submitted to Fifth Third Bank a loan application package that contained materially false statements and concealments regarding My Ranch's indebtedness, Individual B's work experience, OGHAFUA's criminal history, and Individual B's and My Ranch's tax returns.

5. It was further part of the scheme that, in or around January 2008, OGHAFUA fraudulently attempted to obtain approximately $200,000 in loan proceeds from Fifth Third Bank for machinery, equipment, inventory, and working capital by causing to be submitted to Fifth Third Bank a loan application package that contained materially false statements and concealments regarding My Ranch's

indebtedness, Individual B's work experience, OGHAFUA's criminal history, and Individual B's and My Ranch's tax returns.

6. It was further part of the scheme that, on or about January 24, 2008, OGHAFUA caused to be submitted to Fifth Third Bank a fictitious resume falsely representing that Individual B worked as (1) a supervisor for a local grocery store from 1998 to 2005 and (2) the owner and President of My Ranch from 2005 to 2007.

7. It was further part of the scheme that, on or about January 24, 2008, OGAFUA caused to be submitted to Fifth Third Bank a Statement of Personal History falsely representing that OGHAFUA had never been charged with or arrested for any criminal offense other than a minor vehicle violation and that OGHAFUA had never been convicted for any criminal offense other than a minor vehicle violation, knowing at the time that she had been charged with, arrested, and convicted of a crime in 1997 and charged with and arrested for a crime in 2007.

8. It was further part of the scheme that, in or around October 2008, OGHAFUA fraudulently attempted to obtain approximately $148,000 in loan proceeds from Fifth Third Bank for inventory by causing to be submitted to Fifth Third Bank a loan application package that contained materially false statements and concealments regarding My Ranch's indebtedness and Individual B's tax returns.

9. It was further part of the scheme that, on or about October 30, 2008, OGHAFUA caused to be submitted to Fifth Third Bank a Small Business

Administration Application for Business Loan that contained a forged signature for Individual B.

10. It was further part of the scheme that OGHAFUA caused to be submitted to Fifth Third Bank false and forged tax returns on behalf of My Ranch and Individual B.

11. It was further part of the scheme that OGHAFUA concealed from Fifth Third Bank the fact that My Ranch had other outstanding loans from financial institutions.

12. It was further part of the scheme that OGHAFUA concealed from Fifth Third Bank the fact that Individual B had no prior management experience in the grocery industry.

13. It was further part of the scheme that, in an effort to conceal the scheme, in or around September 2012, after learning of the government's investigation, OGHAFUA asked Individual B not to speak with law enforcement.

14. It was further part of the scheme that OGHAFUA concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

15. On or about January 24, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

RASHEEDA OGHAFUA,

4

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be submitted a loan application package containing materially false statements to Fifth Third Bank for a $1,287,000 loan to finance the purchase of the building housing the My Ranch store, located at 4650-4652 North Sheridan Road in Chicago;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 14 of Count One are realleged and incorporated here.

2. On or about January 24, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

RASHEEDA OGHAFUA,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be submitted a loan application package containing materially false statements to Fifth Third Bank for a $200,000 loan to finance the purchase of machinery, equipment, inventory, and working capital for the My Ranch grocery store;

In violation of Title 18, United States Code, Section 1344.

## **COUNT THREE**

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 14 of Count One are realleged and incorporated here.

2. On or about October 30, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

RASHEEDA OGHAFUA,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be submitted a loan application package containing materially false statements to Fifth Third Bank for a $148,000 loan to finance the purchase of inventory for the My Ranch grocery store;

In violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One are incorporated here.

2. On or about January 24, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

**RASHEEDA OGHAFUA,**

defendant herein, knowingly made a false statement to Fifth Third Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Fifth Third Bank to provide a loan of approximately $1,287,000 to finance the purchase of the building housing the My Ranch grocery store, located at 4650-4652 North Sheridan Road in Chicago, in that OGHAFUA falsely represented that: (1) My Ranch had no business indebtedness; (2) Individual B had worked as a supervisor for a grocery store from 1998 until 2005; (3) Individual B had been President and Director of Operations for My Ranch from 2005 to 2007; (4) OGHAFUA had never been charged with or arrested for any criminal offense other than a minor motor vehicle violation; and (5) OGHAFUA had never been convicted, placed on pretrial diversion, or placed on a term of probation for any criminal offense other than a minor vehicle violation;

In violation of Title 18, United States Code, Section 1014.

## COUNT FIVE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One are incorporated here.

2. On or about January 24, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

RASHEEDA OGHAFUA,

defendant herein, knowingly made a false statement to Fifth Third Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Fifth Third Bank to provide a loan of approximately $200,000 to finance the purchase of machinery, equipment, inventory, and working capital for My Ranch, in that OGHAFUA falsely represented that: (1) My Ranch had no business indebtedness; (2) Individual B had worked as a supervisor for a grocery store from 1998 until 2005; (3) Individual B had been President and Director of Operations for My Ranch from 2005 to 2007; (4) OGHAFUA had never been charged with or arrested for any criminal offense other than a minor motor vehicle violation; and (5) OGHAFUA had never been convicted, placed on pretrial diversion, or placed on a term of probation for any criminal offense other than a minor vehicle violation;

In violation of Title 18, United States Code, Section 1014.

## COUNT SIX

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One are incorporated here.

2. On or about October 30, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

RASHEEDA OGHAFUA,

defendant herein, knowingly made a false statement to Fifth Third Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Fifth Third Bank to provide a loan of approximately $148,000 to finance the purchase of inventory for My Ranch, in that OGHAFUA falsely represented that: (1) My Ranch only had $1,487,000 in business indebtedness; (2) Individual B had worked as a supervisor for a grocery store from 1998 until 2005; (3) Individual B had been President and Director of Operations for My Ranch from 2005 to 2007; (4) OGHAFUA had never been charged with or arrested for any criminal offense other than a minor motor vehicle violation; and (5) OGHAFUA had never been convicted, placed on pretrial diversion, or placed on a term of probation for any criminal offense other than a minor vehicle violation;

In violation of Title 18, United States Code, Section 1014.

## FORFEITURE ALLEGATION

The SPECIAL MARCH 2013 GRAND JURY further alleges:

1. The allegations contained in Counts One through Six of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2. As a result of her violations of Title 18, United States Code, Sections 1014 and 1344, as alleged in the foregoing indictment,

RASHEEDA OGHAFUA,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3. The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, 982(a)(2) include, but are not limited to, approximately $1,487,000.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    A.    Cannot be located upon the exercise of due diligence;

    B.    Has been transferred or sold to, or deposited with, a third party;

    C.    Has been placed beyond the jurisdiction of the Court;

    D.    Has been substantially diminished in value; or

    E.    Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, 982(b).

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY